DELIA DICKERSON, complainant-respondent,

*v.*

METEDECONK COMPANY, defendant-appellant.

[Submitted October 19th, 1937. Decided April 28th, 1938.]

*Mr. Harry E. Newman,* for the appellant.

*Mr. Charles E. Rogers,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a vendee's suit for specific performance of a contract to convey real estate. The contract was executed for the defendant corporation by "D. D. Cook, Sales Agent." It is in formal legal phraseology and under seal; but the seal is evidently that of Cook and not that of the corporation. The practical dispute in the case relates to the description of the property in the contract. That description calls for lots 14 to 20, inclusive, on a certain map. It was conceded that Cook had authority to execute a contract binding on the corporation for lots 13 to 19, inclusive, but it was denied that he had authority to contract for lots 14 to 20. This was the crux of the case at the hearing. The vice-chancellor found for the complainant vendee on the ground that Cook had been held out by the corporation as a general agent and that it was estopped to repudiate his act in signing the contract. Accordingly he decreed that deed be made pursuant to the contract.

We conclude that the decree should be affirmed, but prefer to rest that affirmance on the ground that the evidence satisfactorily showed express authority by the corporation to Cook, to contract for the very lots described in the contract. Cook was himself one of the directors of the corporation, and

attended a meeting of the directors on August 17th, two days before the date of the contract, at which the sale in question was considered. So far, there is no dispute. It is also clear that there was a debate as to whether the sale should be of lots 13 to 19, or 14 to 20. All agree that it was to be seven lots. The original minutes were received in evidence, and on their face indicate plainly authority to sell "the club house and seven lots * * * reserving one lot, two if possible, next to Mr. Hunter." An amendment to refer to the stockholders the resolution, if passed, was lost. Hunter's lot was No. 12. If one lot were reserved it would be No. 13, and the seven lots would begin with No. 14. If the resolution was actually passed as it appears on the minutes, then concededly the sale as agreed by Cook was authorized. But it was urged below, and is urged here, that the minutes are untrue and that the motion as passed was for lots 13 to 19, inclusive.

Five witnesses, including the secretary, testified to the correctness of the minutes. Two witnesses testified to the contrary. Three others were in court for defendant. The vice-chancellor said he would assume that these three would testify as the two had done, but even at that "would be inclined to hold that the actual authority of this agent was limited to the sale of the lots beginning at Hunter's line." But we think the weight of the evidence was the other way. For the contract as made were five witnesses who of course were cross-examined, plus the official minutes, a contemporary record never altered or amended by the board itself although at a later meeting they were read, and the president (who was a witness for the defense) "declared them improper." *Contra,* were the two witnesses that testified, and three assumed witnesses who did not testify.

The minutes were *prima facie* evidence of any corporate action mentioned therein. *Wigmore, Evidence § 1661, 2 b; Van Hook v. Somerville Manufacturing Co., 5 N. J. Eq. 137, 169* (reversed on other grounds, *page 633*); *Wetherbee v. Baker, 35 N. J. Eq. 501, 509, 510; Graham v. Fleissner, 107 N. J. Law 278.* As to the "three witnesses" who did not

testify, this court in reviewing the evidence is hardly in a position to assume more than that if called they would have testified on direct to the same general effect as their two predecessors on the same side. What would have developed on cross-examination must be pure conjecture. Where the appellate court is empowered and asked to review on the facts, the substitution of an assumption for sworn testimony is not particularly helpful. In this case we feel obliged to say that we cannot accord such weight to the assumption as to overcome the preponderance of five witnesses and the minutes over the two witnesses that were actually sworn.

We conclude that specific authority was shown; and this leads to an affirmance of the decree.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, WALKER, JJ. 11.

*For reversal*—CASE, HEHER, RAFFERTY, JJ. 3.